# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION

| | |
|---|---|
| AUSTIN HARDWARE AND SUPPLY, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 11-CV-00485-W-FJG ) |
| SFI OF TENNESSEE, LLC, | ) ) |
| Defendant. | ) |

## ORDER

Currently pending before the Court is defendant SFI of Tennessee LLC's ("SFI") Motion to Dismiss for Lack of Personal Jurisdiction (Doc. # 16).

### I. BACKGROUND

In June 2009, SFI, a Tennessee company, contacted Austin Hardware and Supply, Inc. ("Austin Hardware"), a Missouri company, regarding products SFI needed to complete the fabrication of its client's vehicle. Specifically, SFI inquired about a primer coating and adhesive needed to fabricate the Kevlar armor-plating of the United States Military's Mine Resistant Armored Personnel vehicle ("MRAP"). While the primer is manufactured in Europe, Austin Hardware is the exclusive U.S. supplier of this primer. On July 7, 2009, Austin Hardware provided SFI with a quotation for the primer materials. SFI then submitted a credit application to Austin Hardware in order to establish the requisite credit agreement necessary to conduct business with Austin Hardware. SFI proceeded to send various purchase orders to Austin Hardware, including Purchase Order Number P26176 ("P.O. P26176"). Austin Hardware alleges, and SFI disputes that the purchase order constituted a contract. Austin Hardware

alleges that it performed its contractual duties by ordering primer that was specially formulated to meet SFI's needs. The primer was scheduled to be delivered via eight separate, weekly shipments to SFI's Tennessee plant. A third party shipper, hired by SFI, transported the primer "F.O.B. Destination" to SFI in Tennessee. "F.O.B. Destination" meant that Austin Hardware, the shipper, retained title and ownership of the primer until it reached the Tennessee destination, when title passed to SFI. SFI made credit card payments to Austin Hardware upon delivery of each shipment. The credit card payments were processed at Austin Hardware's office in Lee's Summit, Missouri.

On December 2, 2009, SFI revised P.O. P26176 by requesting two additional shipments of specially formulated primer. The revision brought the total number of requested shipments to ten, and the total invoice price of the order to roughly $1 million. On January 12, 2010, after receiving at least six shipments of primer, SFI notified Austin Hardware that it was cancelling any remaining shipments of primer.

Austin Hardware alleges that, by refusing to receive and pay for 960 cases of primer it ordered, SFI wrongfully cancelled the contract it had formed under the revised P.O. P26176. Austin Hardware further alleges that the pricing and volume it quoted SFI was "non-cancellable" and "non-returnable." Upon receiving SFI's cancellation of revised P.O. P26176, Austin Hardware claims that it mitigated its damages by selling 164 cases of the primer to third parties. Thus, 796 cases of primer remain in its inventory. Austin Hardware further alleges that the useful shelf life of these remaining 796 cases has expired; it is thus no longer useful for its designated purpose, cannot be sold to third parties, and must be disposed of in a particular manner at an estimated cost of $45,000.

On March 29, 2011, Austin Hardware filed its petition in state court alleging breach of contract and suit on open account. SFI removed the case to this Court on May 10, 2011 alleging jurisdiction based on diversity of citizenship. SFI contends that this Court does not have jurisdiction. SFI does not concede that it was transacting business in Missouri under the meaning of the Missouri long-arm statute. SFI also alleges it did not form a contract with Austin Hardware. SFI contends that even if the court finds that a contract was formed, a Missouri contract is not dispositive of Missouri's personal jurisdiction since, in this case, jurisdiction would not comport with the principles of Due Process. SFI contends that it has insufficient contacts with the forum state such that it could not reasonably have anticipated being haled into court in Missouri. All communications between SFI and Austin Hardware were by telephone, facsimile, electronic mail and/or U.S. mail. SFI is not authorized to do business in the state of Missouri. SFI has no employees, representatives, nor agents in Missouri. SFI does not own, lease or use any real property in the state of Missouri, and it never had an employee or agent visit Austin Hardware's offices or warehouse in Lee's Summit, Missouri.

## II. STANDARD

> Personal jurisdiction over a defendant represents the power of a court to enter a "valid judgment imposing a personal obligation or duty in favor of the plaintiff." Kulko v. Super. Ct. of Cal., 436 U.S. 84, 91, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978). Personal jurisdiction can be specific or general. "'Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state,' while '[g]eneral jurisdiction . . . refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose.'" Miller v. Nippon Carbon Co., 528 F.3d 1087, 1091 (8th Cir. 2008)(alterations in original)(quoting Bell Paper Box Inc. v. U.S.Kids Inc., 22 F.3d 816, 819 (8th Cir.1994)).

Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG, No. 10-2460, 2011 WL 2899147, at *2 (8th Cir. July 21, 2011).

In order to survive a Fed. R. Civ. P. 12(b)(2) Motion to Dismiss for lack of personal jurisdiction, the non-moving party must state sufficient facts to support a reasonable inference that the moving party can be subjected to jurisdiction, consistent with Due Process, in the forum state. Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1072 (8th Cir. 2004), cert. denied, 543 U.S. 1147 (2005). The plaintiff carries the burden of proof at all times; at no time does the burden shift to the party challenging jurisdiction. Epps v. Stewart Info. Servs. Corp., 327 F.3d 642, 647 (8th Cir. 2003). "The allegations in the Complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party." Cantrell v. Extradition Corp. of Am., 789 F.Supp. 306, 308-09 (W.D. Mo. 1992).

### III. DISCUSSION

A federal court may assume jurisdiction over a foreign defendant only to the extent permitted by the forum state's long-arm statute and the Due Process Clause of the Constitution. Pecoraro v. Sky Ranch For Boys, Inc., 340 F.3d 558, 561 (8th Cir. 2003). Although cases within the Eighth Circuit collapse these two inquiries out of a belief that the Missouri long-arm statute confers jurisdiction to the fullest extent permissible under the Due Process clause, the Eighth Circuit Court of Appeals has noted that the recent decisions of the Missouri Supreme Court analyze the two questions separately. Viasystems, 2011 WL 2899147, at *7 n.2. Accordingly, the Court considers both questions here.

**A. General Jurisdiction**

General personal jurisdiction requires that a non-resident defendant's contacts with the forum state be "continuous and systematic." Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). The defendant's affiliations with the forum state must be so ongoing, so "as to render them essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2846, 2851, 79 U.S.L.W. 4696 (U.S. June 27, 2011). Here, the record does not establish that SFI is subject to general jurisdiction in the state of Missouri. Although the full extent of its contacts with Missouri are not fully reflected in the record, Jason Keith, controller at SFI Tennessee, attested to a lack of the systematic, on-going, continuous contacts required to establish general jurisdiction: SFI is not authorized to do business in the state of Missouri; it has no employees, representatives, or agents in Missouri; it does not own, lease or use any real property in the state of Missouri; and, it never had an employee or agent visit Austin Hardware's offices or warehouse in Lee's Summit, Missouri.

**B. Specific Jurisdiction**

A federal court may assume specific jurisdiction over a foreign defendant to the extent permitted by the forum state's long-arm statute and the Due Process Clause of the Constitution. Pecoraro, 340 F.3d at 561. Specific jurisdiction permits a state to exercise specific jurisdiction over a non-resident defendant in a suit "arising from or related to" the defendant's contacts with the forum. Viasystems, 2011 WL 2899147 at *2.

**1. Missouri Long-Arm Statute**

Forming a contract in Missouri is one type of conduct which confers specific jurisdiction. Mo. Rev. Stat. § 506.500.1.  Under Missouri law, a contract is formed where the last act necessary to form a binding contract, acceptance of the contract, occurs. Primus Corp., 2006 WL 181953, at *3 (citing Johnson Heater Corp. v. Deppe, 86 S.W.3d 114, 120 (Mo.App. 2002)); See also Laser Vision Centers Inc. v. Laser Vision Centers Int'l, SpA, 930 S.W.2d 29, 32 (Mo.App. 1996) (for Missouri personal jurisdiction purposes, acceptance of a contract in Missouri is equivalent to forming a contract in Missouri).  After soliciting Austin Hardware's business and submitting a credit application, SFI sent purchase orders to Austin Hardware in Missouri.  Austin Hardware received and processed SFI's purchase orders in its Missouri office.  In this case, the Court finds that a contract was formed upon Austin Hardware's acceptance of P.O. P26176 in Missouri.  See Tiger Mfg. Corp. v. Loadstar Material Handling Equip., Ltd., 341 F.Supp.2d 1107, 1110 (W.D.Mo. 2004) (contract made when plaintiff accepted defendant's purchase orders in the forum state); U.S. Durum Milling, Inc. v. Frescala Foods, Inc., 785 F.Supp. 1369, 1372 (E.D.Mo. 1992) (contract made when plaintiff accepted defendant's bid for "a set quantity at a fixed price for delivery during a definite time period"). With respect to the long-arm statute, Austin Hardware contends that both the making of a contract and the transaction of business prongs apply in this case. Since the contract formation prong of the Missouri long-arm statute is satisfied, the Court finds it unnecessary to reach the transaction of business prong under the Missouri long-arm statute.

## 2. Due Process

Due Process requires sufficient "minimum contacts" between the defendant and the forum state such that maintenance of the suit does not offend "'traditional notions of fairplay and substantial justice.'" International Shoe Co. v. State of Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed.95 (1945)(quoting Milliken v. Meyer, 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278 (1940)). Sufficient contacts exist when "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 567 62 L.Ed.2d 490 (1980). A party may anticipate being haled into court in a particular jurisdiction if "the defendant has 'purposefully directed' his activities at residents of the forum, . . . and the litigation results from alleged injuries that 'arise out of or relate to' those activities." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)(internal citations omitted). Defendant's contacts must be more than "random," "fortuitous," or "attenuated." Id. at 475. Additionally, jurisdiction "may not be avoided merely because the defendant did not *physically* enter the forum State." Id. at 476.

The Eighth Circuit employs a five-part test for measuring the constitutional requirements needed for personal jurisdiction: 1) nature and quality of the contacts with the forum state 2) quantity of those contacts 3) relation of the cause of action to the contacts 4) the interest of the forum state in providing a forum for its residents and 5) the convenience of the parties. Bell Paper Box v. U.S. Kids, Inc., 22 F.3d 816, 819 (8th Cir. 1994). Of the five factors, the court holds the first three factors as the most significant. Id. In breach of contract cases, courts assess the purposeful availment

component of personal jurisdiction by considering (1) prior negotiations, (2) contemplated future consequences,(3) the terms of the contract, and (4) the parties' actual course of dealing. Morris v. Barkbuster, Inc., 923 F.2d 1277, 1281 (8th Cir. 1991) (citing Burger King, 471 U.S. 462, 479, 105 S.Ct. 2174, 2185, 85 L.Ed.2d 528 (1985)).

First, the court analyzes the nature and the quality of the contacts. SFI argues that it had insufficient contacts with Missouri. SFI does not have any offices, agents or employees in Missouri. SFI is not registered with the Missouri Secretary of State, nor is it authorized to do regular, systematic, on-going, continuous business in Missouri. SFI contends that it did not voluntarily reach out to Austin Hardware. Rather, SFI was forced to contact Austin Hardware since Austin Hardware was the exclusive supplier of a primer that SFI needed to coat its clients' vehicles. During SFI's six month business relationship with Austin Hardware, no SFI employee or representative ever visited Austin Hardware's offices in Missouri. Also, a third party delivered the primer to SFI in Tennessee. SFI's only contact with Austin Hardware was via telephone, fax, email and mail. SFI contends that these types of contacts alone are insufficient to confer personal jurisdiction. Austin Hardware does not dispute SFI's physical absence from Missouri. Yet, Austin Hardware contends that these facts are hardly dispositive that SFI has made quality contacts with Missouri. Austin Hardware argues that, regardless of its motivation, SFI purposefully contacted Austin's offices and requested a quotation for the primer. SFI then requested a credit application which it completed and faxed to Austin Hardware in Missouri. Moreover, SFI also submitted various purchase orders to Austin Hardware's office in Missouri and received several shipments from Austin Hardware's Missouri plant. SFI's credit card payments were also processed by Austin's accounts

receivable department in Missouri.

The Eighth Circuit has held that mere interstate communications alone are insufficient to confer personal jurisdiction. Scullin Steel Co. v. National Ry. Utilization Corp., 676 F.2d 309, 312 (8th Cir. 1982). Yet, in a case that is factually similar, the Eighth Circuit distinguished its ruling in Scullin Steel and granted jurisdiction where "[c]ertain meaningful events in the parties' business relationship occurred." Wells Dairy, Inc. v. Food Movers Intern., Inc., 607 F.3d 515, 519 (8th Cir. 2010), cert.denied, 131 S.Ct. 472, 178 L.Ed.2d 289 (2010). In Wells Dairy, defendant failed to pay for products which had been ordered and received. Id. at 519. The court held that defendant had sufficient contacts with the forum state, despite the fact that its communications with the Wells Dairy Iowa office occurred only via telephone, facsimile, and mail. Id. The Court reasoned that defendant solicited plaintiff's business, knowing that plaintiff was an Iowa corporation, applied for credit from the Iowa company and, over a two-year period, entered into more than 100 transactions with the Iowa-based plaintiff. Id. at 520. These transactions totaled approximately $6.5 million. Id. Moreover, defendant received the product it purchased from plaintiff in Iowa, where it "simultaneously transferred possession and title to its customers." Id. In the present case, the Court finds that Missouri is the location where certain meaningful events in the parties' business relationship occurred. SFI contacted Austin Hardware in Missouri, knowing that it was a Missouri based company. Then, SFI opened a credit account with a Missouri based company. Ultimately, upon Austin Hardware's acceptance of SFI's purchase orders, the parties formed a Missouri contract. The nature and quality of SFI's actions, as referenced above, demonstrate SFI's purposeful direction of business towards Missouri.

The second factor is the quantity of SFI's contacts. SFI argues that its only contacts with Missouri fall into a single, insufficient category: written and oral communications. Austin Hardware contends that each of SFI's contacts are not only significant, but numerous. SFI contacted Austin Hardware to request a price quote, applied for a line of credit, and sent multiple purchase orders to Austin Hardware. The purchase order giving rise to the dispute established a schedule of eight separate, weekly shipments of primer from October 19, 2009 through December 14, 2009. SFI received at least six shipments from Missouri to its Tennessee plant. In early December, SFI amended its original offer to request an increased amount of primer. The Court finds that the quantity of the contacts are numerous and weigh in favor of personal jurisdiction.

The third factor courts consider is the relation of the cause of action to the contacts. In this case the cause of action arises directly from SFI's contacts with the forum. Specifically, SFI's cancellation of the purchase order and refusal to receive the remaining 960 cases of primer which it ordered from Austin Hardware. Thus, this factor also weighs in favor of finding jurisdiction.

As to the fourth factor, both parties agree and the Court finds that Missouri has an interest in providing a forum for its residents to resolve disputes arising from contracts formed in Missouri. This factor also weighs in favor of finding jurisdiction over SFI.

Finally, the court must consider the convenience of the parties. SFI argues that defending a law suit in Missouri would be burdensome because witnesses and documents related to its defense are all located in Tennessee. Austin Hardware argues

that it has witnesses and documents in Missouri. Additionally, Austin Hardware argues that since SFI solicited a Missouri-based business, and then breached its duties under the Missouri contract, Austin Hardware should not be further inconvenienced by having to litigate its lawsuit elsewhere. The Court finds that both parties would be inconvenienced by having to try the case outside of their states. Thus, this factor is neutral and does not weigh either in favor of or against the exercise of jurisdiction.

## IV. CONCLUSION

After reviewing the parties' arguments and the applicable caselaw, the Court finds that Austin Hardware has met its burden of proof to show that SFI had sufficient minimum contacts with the State of Missouri in order to establish specific jurisdiction. SFI actively pursued and developed a business relationship with a Missouri company, entered into a contract for the shipment of several large quantities of a specially formulated primer, and paid for the product through transactions processed in Missouri. The Court finds that SFI's "conduct and connection with [Missouri] are such that [it] should reasonably anticipate being haled into court there. . . ." Bell Paper, 22 F.3d at 818.

Accordingly, defendant SFI's Motion to Dismiss for Lack of Personal Jurisdiction is hereby **DENIED** (Doc. # 16).

Date:  August 9, 2011                                    **S/ FERNANDO J. GAITAN**, **JR.**
Kansas City, Missouri                                    Fernando J. Gaitan, Jr.
                                                         Chief United States District Judge